### No. 27220

**New Safari Lounge, Inc. v. The City of Colorado Springs, a Colorado Home Rule City, and the City Council of the City of Colorado Springs, Michael C. Bird, Charles C. Brown, Luis A. Cortez, Robert M. Isaac, Richard E. Dodge, Andrew Marshall, Donald E. Willman, and Leon Young, and its Mayor, Lawrence D. Ochs**

(567 P.2d 372)

Decided August 2, 1977.

Agee, Ewing & Goldstein, Ron E. Ewing, for plaintiff-appellee.

Gordon D. Hinds, City Attorney, Thomas L. Darneal, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The City of Colorado Springs, *et al.*, appeals the decision of the District Court for the County of El Paso, holding that section 12-47-120(2),[1] C.R.S. 1973,[2] is unconstitutional on its face because it violates the due process clause of the fourteenth amendment of the United States Constitution. We hold that the statute, with the gloss placed on it by the administrative body in this case, is constitutional and meets minimal due process requirements. We therefore reverse the decision of the district court.

---

[1]The statute reads in pertinent part:

"(1) In addition to any other penalties prescribed by this article, any licensing authority has the power, on his own motion or on complaint, after investigation and public hearing at which the licensee shall be afforded an opportunity to be heard, to suspend or revoke any license issued by such authority for any violation by the licensee or by any of the agents, servants, or employees of such licensee of the provisions of this article, or of any of the rules or regulations authorized hereunder, or of any of the terms, conditions, or provisions of the license issued by such authority. . . .

"(2) Notice of suspension or revocation, as well as any required notice of such hearing, shall be given by mailing the same in writing to the licensee at the address contained in such license. Any license may be temporarily suspended by the respective issuing authority without notice pending any prosecution, investigation, or public hearing. Nothing in this section shall prevent the summary suspension of such license for a period of not more than fifteen days. No such suspension shall be for a longer period than six months. If any license is suspended or revoked, no part of the fees paid therefor shall be returned to the holder."

[2]Now section 12-47-110, C.R.S. 1973 (1976 Supp.). Section 12-47-120(2) was part of the Liquor Code of 1935, which was repealed and reenacted with amendments on April 29, 1976, effective July 1, 1976, as the Colorado Liquor Code. Since we are concerned with the statute prior to July, 1976, all references to the statute will be to the original numbers.

On January 13, 1976, the appellants, acting as a local liquor licensing authority, summarily suspended the appellee's liquor license for violation of rule and regulation No. 19B of the Liquor Code of 1935,[3] and sent the appellee a notice stating the specific allegations prompting the suspension. The notice scheduled a public hearing on the alleged violations for January 22, 1976, nine days later. The appellee was informed that it would be entitled to confront and cross-examine adverse witnesses, to present its own evidence in defense or in mitigation, and to receive a summary of the evidence taken and a copy of the hearing officer's recommendation. The notice also said that the hearing officer had authority to change the date or time of the hearing at either party's request.

The appellants' action was prompted by the Colorado Springs police chief's reports that the appellee had staged nude entertainment at its premises. The transcript of the meeting of the city council reveals that, just previous to the first incident reported, the appellee's manager had informed the offices of the city manager, the city attorney, the district attorney and the police department that it would present the nude entertainment. However, the appellee was not present at this meeting and therefore had no opportunity to rebut this testimony.

The appellee filed a petition pursuant to C.R.C.P. 106(a) for a stay and order to show cause in the district court on January 16, 1976. The appellants produced affidavits of the city manager and liquor control officer, both of whom stated that the appellee had phoned and informed them that it was going to present live, nude entertainment. The appellee objected to the affidavits on the grounds of hearsay, but the court overruled the objection. The court heard the parties' arguments and entered a stay, declaring that section 12-47-120(2) was unconstitutional. The appellants filed a petition for relief in the nature of prohibition in this court, which was denied.

The appellants then filed a notice of hearing and determination in the El Paso County district court. On February 5, the court again made findings of fact and conclusions of law, holding that section 12-47-120(2) was unconstitutional on its face and, therefore, the appellants could not summarily suspend a liquor license under any circumstances. The appellants' motion for a new trial was denied, and they appealed to this court.

---

[3]The department of revenue is mandated by section 12-47-105(1)(b), C.R.S. 1973 [now section 12-47-105(2), C.R.S. 1973 (1976 Supp.)] to make such general rules and regulations necessary to insure standards of cleanliness, orderliness and decency. Regulation 19B, adopted pursuant to section 12-47-105(1)(b), states as follows:

"B. Each licensee shall conduct his establishment in a decent, orderly and respectable manner, and shall not permit within or upon the licensed premises the loitering of habitual drunkards or intoxicated persons, lewd or indecent displays, profanity, rowdiness, undue noise, or other disturbance or activity offensive to the senses of the average citizen, or to the residents of the neighborhood in which the establishment is located."

The appellee contends that section 12-47-120(2), as it applies to summary suspension, is unconstitutional on its face because, under no circumstances can a suspension be entered in the absence of a prior hearing, without violating the due process clauses of the United States and Colorado constitutions. We do not agree with the appellee's argument.

## I.

The twenty-first amendment of the United States Constitution[4] gives the states a broad range of police power relating to the use of liquor within the state. *California v. LaRue*, 409 U.S. 109, 114-115, 93 S.Ct. 390, 395, 34 L.Ed.2d 342, 349 (1972). However, the twenty-first amendment does not give a state the right to elevate police power absolutely over the other provisions of the Constitution. *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976); *California v. LaRue, supra*, 409 U.S. at 115, 93 S.Ct. at 395, 34 L.Ed.2d at 350; *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

The statute under attack here must be evaluated to determine whether it provides persons in the appellee's situation an opportunity to be heard *at a meaningful time or in a meaningful manner. Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976); *Mitchell v. W. T. Grant*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *see also, Colo. State Board of Medical Examiners v. District Court*, 191 Colo. 158, 551 P.2d 194 (1976) (summary suspension of license does not violate due process where public welfare was endangered by licensee's continued practice and hearing followed shortly thereafter); *Chroma Corp. v. Adams County*, 36 Colo. App. 345, 543 P.2d 83 (1975) (fundamental fairness is the test for whether liquor licensee's due process rights have been violated).

In so evaluating, we must consider three factors:
"[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."
*Mathews v. Eldridge*, 424 U.S. at 335, 96 S.Ct. at 903, 47 L.Ed.2d at 33; *accord, Dixon v. Love*, 45 U.S.L.W. 4447 (U.S. May 16, 1977).

## II.

The private interest affected by the summary suspension is the granted license to sell liquor. A liquor license is a type of property right,

---

[4]Section 2 of the twenty-first amendment of the United States Constitution states:
"The transportation or importation into any state, territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

but it is still a relatively restricted one, and it is subject to those regulations under which it was issued. *Gem Beverage Co. v. Geer*, 138 Colo. 420, 334 P.2d 744 (1959); *A. D. Jones & Co. v. Parsons*, 136 Colo. 434, 319 P.2d 480 (1958).

The appellee contends that a liquor license is the base for its business reputation and that the summary suspension destroys the reputation and, consequently, the business. Such an effect, appellee argues, demands a hearing prior to any suspension. However, given the entire range of cases in which this issue has been confronted, the injury is not so crucial as to demand a prior hearing. *Mathews v. Eldridge, supra*; *Dixon v. Love, supra*; cf. *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (deprivation of welfare payments without prior hearing violates due process because recipient may depend on those payments for his very subsistence).

### III.

The appellee analogizes its plight to that of the appellee in *Wisconsin v. Constantineau, supra*. In *Constantineau* the suspect statute allowed designated persons to prohibit, in a written notice, the sale or gift of intoxicating beverages to specific persons who were endangering their families or the peace of the community on account of their excessive drinking habits. The police chief posted such a notice in all the retail liquor stores of Hartford, Wisconsin. The Supreme Court held the statute to be facially unconstitutional because a label given a person by "posting" requires procedural due process, *i.e.*, notice and an opportunity to be heard.

The procedural context of the instant case differs from the *Constantineau* setting. The *Constantineau* statute contained *no provisions whatsoever for any notice or hearing.* 400 U.S. at 440, 91 S.Ct. at 511, 27 L.Ed.2d at 520. Section 12-47-120(2), on the other hand, requires that a prosecution, investigation or public hearing commence within 15 days of any summary suspension. Notice is also required, and the appellee received very detailed notice, *supra*. Moreover, and most importantly, the appellants scheduled the hearing within nine days of the suspension, informing the appellee that it could request an earlier date. The appellee did not avail itself of this opportunity.

The appellee then argues that the statute provides no standards to determine when summary suspension is applicable, and thus it places the appellee at the caprice of the liquor board. The argument of the appellee lacks merit. The statute must be read in the context of its legislative purpose.

The declaration of public policy accompanying the liquor code states that the article is an exercise of the police power for the protection of the social welfare and health, peace and morals of the people. Section 12-47-103, C.R.S. 1973.[5] The appellants, in their resolution authorizing the

---

[5]Now section 12-47-102(1). C.R.S. 1973 (1976 Supp.).

suspension, found that the alleged violations constituted "an immediate hazard" to the public health, safety and welfare of the City of Colorado Springs.

The appellants' offer to change the date of hearing at appellee's request constituted at least minimum due process, particularly in light of the fact that appellee chose to ignore the opportunity for an earlier date for the hearing.

## IV.

Finally, we consider the government's interest. In *Constantineau*, the Supreme Court recognized the distinction between a state attaching a "badge of infamy" and administrative procedures which are summary by necessity. 400 U.S. at 436-437, 91 S.Ct. at 510, 27 L.Ed.2d at 518-519 (citations omitted). Section 12-47-120(2) falls into the latter category.

As noted, the primary purpose of Colorado's liquor laws is to authorize the sale and consumption of intoxicating beverages while simultaneously protecting the public's health, safety and welfare. Section 12-47-103, C.R.S. 1973;[6] *Clown's Den, Inc. v. Canjar,* 33 Colo. App. 212, 518 P.2d 957 (1974). Consequently, "the right of the licensee in his relation to the state is narrow, confined and transitory." *A. D. Jones & Co. v. Parsons, supra,* 136 Colo. at 440, 319 P.2d at 483. Here, after notifying the appellants, a liquor enforcement officer and members of the Colorado Springs police department, the appellee chose not to test the validity of a bar against nude dancing by a declaratory judgment proceeding, but deliberately violated a regulation designed to protect the public health, safety and welfare, with prior knowledge that the appellants would not condone such conduct.

[7] Due process is required before the *final deprivation* of a property interest. *Mathews v. Eldridge, supra,* 424 U.S. at 349, 96 S.Ct. at 910, 47 L.Ed.2d at 42. In the instant case, however, the summary *temporary* suspension was not a *final deprivation* of the appellee's property interest but, rather, a holding action, pending an early scheduled hearing and final disposition.

In this opinion we do not reach the question of whether section 12-47-120(2) might be unconstitutional as applied in another set of circumstances. This court will not overturn a presumptively valid statute by speculating as to situations which might possibly occur. *Bayly Co. v. Dept. of Employment,* 155 Colo. 433, 437, 395 P.2d 216 (1964); *appeal after remand,* 162 Colo. 590, 427 P.2d 873 (1967); *see also Euclid v. Ambler Realty Co.,* 272 U.S. 365, 397, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). However, the due process clause requires that the statute be

---

[6]See footnote 5.

interpreted to conform to constitutional standards if possible. *See Mountain States T & T v. Dept. of Labor*, 184 Colo. 334, 520 P.2d 586 (1974). Accordingly, we hold that section 12-47-120(2) is constitutional on its face when a hearing is provided *as soon as possible* within the fifteen-day limitation set out in the statute.

Under the facts of this case, where the appellee ignored the administrative process which was afforded by the appellants in favor of a direct court challenge to the power of the appellants to enforce regulation 19B relating to lewd or indecent displays, we cannot say that the procedure provided by the appellants denied appellee due process. Therefore, we hold the statute constitutional as applied to the appellee.

The judgment of the district court is reversed and remanded for further proceedings.

MR. JUSTICE ERICKSON does not participate.

MR. JUSTICE CARRIGAN concurs in the result.