375 So.2d 1080 (1979)
Kathryn Genevieve SAVIAK, Appellant,
v.
Bill GUNTER, State Treasurer and Insurance Commissioner, and Department of Insurance, State of Florida, Appellees.
No. MM-382.
District Court of Appeal of Florida, First District.
August 28, 1979.
Rehearing Denied November 7, 1979.
*1081 Edward S. Jaffry of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellant.
S. Strom Maxwell, Tallahassee, and Patrick F. Maroney, Orlando, for appellees.
PER CURIAM.
Appealing from an emergency order of the Department of Insurance suspending her insurance agent license on December 29, 1978, pending a full revocation hearing soon to follow, Saviak urges that Section 120.60(6), Florida Statutes (1978 Supp.) is unconstitutional in that it does not provide in terms for an adversary hearing, with attendant right to call witnesses and cross-examine accusers, before an emergency license suspension. Alternatively Saviak contends that the Department's emergency justification statement is insufficient on its face.
Assuming without deciding that Saviak's property interest in her license is such as to require prior notice of and some opportunity to rebut the charges on which an emergency suspension is to be predicated, with a plenary hearing soon to follow,[1] the Constitution does not require the full-pledged formal hearing, tantamount to a Section 120.57(1) proceeding, to which Saviak lays claim. See Mathews v. Eldrige, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Whatever pretermination hearing may be constitutionally required, Section 120.60(6) is not facially invalid for failing to require that hearing; it is sufficient that the opportunity for hearing was in fact provided. Saviak relies on emergency suspension order itself, and that alone, to demonstrate that she had no opportunity to rebut the charges before the suspension order was entered. The order does not support Saviak's claim. In fact it recites:
The Department of Insurance attempted on December 13, 1978, to investigate the books and records of Respondent to ascertain the extent and scope of the violations of the Insurance Code. The Department of Insurance, pursuant to the Insurance Code, promulgated General Charges and an Order, ordering Respondent to produce at once records, documents or transactions pertaining to or effecting insurance affairs, account ledgers, *1082 checkbooks, records or receipts. Said charges were duly served upon Respondent but she or her employees have wilfully refused to permit examination, thereby obstructing the department from conducting a lawful examination.
On its face the emergency suspension order sufficiently states particularized facts showing an immediate danger to the public welfare in the continuation of Saviak's insurance license during the period before the scheduled plenary hearing on the proposed revocation of her license. Sections 120.60(6), 120.54(9)(a). The emergency suspension order recites facts showing that, despite policing efforts by the Department, Saviak was and continued to be engaged in withholding remittance of insurance premiums to the insurers, resulting in the cancellation of the automobile liability insurance of her insureds. The emergency order meets the standard of Commercial Consultants Corp. v. Dept. of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978).
Our stay of the suspension order was vacated by order entered August 10, 1979. The emergency suspension order is now
AFFIRMED.
ROBERT SMITH, Acting C.J., and ERVIN and BOOTH, JJ., concur.
NOTES
[1] See Tauber v. State Board of Osteopathic Medical Examiners, 362 So.2d 90 (Fla. 4th DCA 1978).