**CONTEMPORARY ENTERPRISES, INC., A Colorado Corporation, Plaintiff-Appellee,**

v.

**Alan N. CHARNES, Executive Director, Colorado Department of Revenue, Defendant-Appellant.**

No. 78–1103.

Colorado Court of Appeals, Div. III.

Jan. 24, 1980.

Rehearing Denied Feb. 28, 1980.

Certiorari Denied June 30, 1980.

No appearance, for plaintiff-appellee, Contemporary Enterprises, Inc.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Richard H. Forman,

Asst. Atty. Gen., Denver, for defendant-appellant.

SMITH, Judge.

Alan Charnes, as executive director of the Colorado Department of Revenue, (Department) appeals the entry of a declaratory judgment under which the trial court determined that the activity of Contemporary Enterprises, Inc., (Contemporary) does not violate the Colorado Liquor Code, § 12–47–128(5)(g)(I), C.R.S. 1973 (1978 Repl. Vol. 5). We affirm.

Contemporary sells a "charge-a-drink" card to the public for $15. Upon purchase from Contemporary, charge-a-drink cards become the property of the purchasers. Available for purchase through the mail, such cards are valid for a period of three months, during which the holder is entitled to obtain, without charge, one drink worth up to $2 at each of forty restaurants and lounges. Each of the forty participating restaurants and lounges is licensed to serve liquor pursuant to the Colorado Liquor Code and is regulated by the Department. Contemporary is not so licensed, as liquor does not come into its possession in the course of its business.

Contemporary also contracted with each of the individual restaurants and lounges to reimburse them in the amount of five cents for each drink purchased with the use of a charge-a-drink card. Furthermore, Contemporary agreed to sell no more than fifteen thousand cards during the three month period that the charge-a-drink cards were valid.

To purchase a drink with a charge-a-drink card, the cardholder would present his card at the time he was required to pay for his drink, and would sign a slip of paper reflecting his account number and describing the drink ordered. The charge-a-drink card would then be punched, the punch indicating that the card was no longer valid for the purchase of a drink at that establishment.

We note at the outset that because Contemporary could be adversely affected by the Department's interpretation of the Col-orado Liquor Code, this was a proper matter for a declaratory judgment. Section 13–61–101, et seq., C.R.S. 1973, and C.R.C.P. 57. Therefore, the district court had jurisdiction.

█ The question to be resolved on this appeal is whether the sale of charge-a-drink cards violates the Colorado Liquor Code. We conclude, as did the trial court, that it does not.

The Department contends that the acts of Contemporary constitute the sale of alcoholic beverages within the solicitation or order receiving provisions of § 12–47–103(24), C.R.S. 1973 (1978 Repl. Vol. 5). Under that section the words "sell" or "sale" are defined to include the solicitation or receiving of an order except through a person licensed under the Colorado Liquor Code. These definitions, however, must be considered in light of the purpose underlying the Colorado Liquor Code which is to authorize the sale and consumption of intoxicating beverages while simultaneously protecting the public's peace, health, safety, morals, and welfare. *New Safari Lounge, Inc. v. City of Colorado Springs*, 193 Colo. 428, 567 P.2d 372 (1977) and § 12–47–102(1), C.R.S. 1973 (1978 Repl. Vol. 5).

The activities of Contemporary Enterprises do not violate the Colorado Liquor Code. The holder of the charge-a-drink card must go to the premises of the participating lounge or restaurant in order to make use of the card. Before the card may be used, he must, just like any other patron of the establishment, be twenty-one years of age, and be otherwise entitled to purchase liquor. The card is merely an alternative method of making payment for the drink.

Accordingly, the relationship between patron and liquor establishment is precisely the same when liquor is paid for by use of the charge-a-drink card as it would be if liquor were purchased in the normal manner, and the method of payment has no adverse effect upon the public's peace, health, safety, morals, or welfare. Hence, we conclude that the activities of Contem-

porary do not constitute the sale of liquor under the terms of the Colorado Liquor Code.

■ The Department asserts that the sale of charge-a-drink cards violates its regulation, 1 Code Colo. Reg. 47–105.3, which prohibits a liquor retailer from offering "any game of chance, lottery, contest, coupons or drawings to any person or persons where such offer is of a nature, or made in a manner, so as to be unduly designed to increase the consumption of alcoholic beverages." We disagree.

Under § 12–47–105(1)(b), C.R.S. 1973 (1978 Repl. Vol. 5), the Department has authority to make such regulations as are necessary for the regulation and control of the sale of liquor. However, since Contemporary is not a liquor retailer and since its activities do not constitute a sale of liquor under the terms of the Colorado Liquor Code, the cited regulation is not applicable to Contemporary. *Traveler's Indemnity Co., v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976).

The judgment is affirmed.

COYTE and STERNBERG, JJ., concur.

Rehearing Denied Feb. 21, 1980.