388 So.2d 47 (1980)
John E. LERRO, Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Respondent.
No. 80-1125.
District Court of Appeal of Florida, Second District.
September 17, 1980.
Paul D. Hardy and C. Steven Yerrid of Holland & Knight, Tampa, for petitioner.
Kenneth G. Oertel, Tallahassee, for respondent.
BOARDMAN, Acting Chief Judge.
John E. Lerro, the harbor pilot in command of the vessel Summit Venture at the time of its tragic collision with the Sunshine Skyway Bridge in Tampa Bay on May 9 of this year, petitions for review of the temporary suspension of his harbor pilot's license on June 17 by the Department of Professional Regulation (DPR). We affirm the suspension order.
Lerro apparently assumes that the DPR's action was predicated upon the results of a probable cause hearing held by the State Board of Pilot Commissioners Marine Casualty and Probable Cause Panel on June 10, for he claims that this hearing was unlawfully initiated and that the panel's *48 recommendation of probable cause was not supported by competent, substantial evidence. However, the propriety of the probable cause hearing is not before us. The DPR did not purport to rely solely on the evidence adduced at that hearing, nor was it required to. It was merely required under Section 120.60(7), Florida Statutes (1979), to show compliance in its order with the requirements imposed by Section 120.54(9) on agencies making emergency rules. The order recited specific facts and reasons for finding an immediate danger to the public health, safety, or welfare necessitating the emergency suspension of Lerro's license, as required by Section 120.54(9)(a)3, and we believe those reasons are sufficient to support the DPR's order.[1] We have found no statutory requirement for a formal hearing of any kind prior to the entry of an emergency order such as this.
At the oral argument before this court, the issue of whether under Section 120.54(9)(c) the DPR's emergency order would expire at the end of ninety days absent earlier formal suspension or revocation of Lerro's license was raised, and the parties were subsequently requested to submit memoranda of law addressing this question by 5:00 p.m. on Thursday, September 11. Having received and reviewed the memoranda submitted by both parties, we conclude that Section 120.54(9)(c) is not applicable to emergency license suspension orders, since it does not pertain to the making of an emergency rule or order, but only to the period of time that an emergency rule remains effective. We therefore hold that the order remains in effect pending the formal suspension or revocation hearing and final disposition thereof.[2]See Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979), and Tauber v. State Board of Osteopathic Medical Examiners, 362 So.2d 90 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979).
Accordingly, the DPR's order temporarily suspending Lerro's license is AFFIRMED.
OTT and RYDER, JJ., concur.
NOTES
[1] We do not, of course, express any view on whether Lerro's actions leading up to the collision in fact constituted negligence or whether the evidence that is ultimately presented at the formal hearing will be sufficient to support any formal disciplinary action that then may be taken.
[2] The formal proceedings were promptly instituted, as required by Section 120.60(7), Florida Statutes (1979), and as the order itself stated that they would be, and the formal hearing is presently scheduled for October 20 of this year.