SCHWARTZ, Judge.
The petitioner seeks review[1] of a non-final emergency order of the Division of Alcoholic Beverages and Tobacco which suspended its liquor license because of numerous alleged narcotics violations, including some committed by the principal of the corporate licensee, which had occurred on the licensed premises.[2] The order was entered, without a prior hearing, under Sec. 120.60(7), Fla.Stat. (1979), which provides:
(7) If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, it shall show compliance in its order with the requirements imposed by s. 120.54(9) on agencies making emergency rules. Summary suspension, restriction, or limitation may be ordered, but a formal suspension or revocation proceeding under this section shall also be promptly instituted and acted upon.
*605 We pretermit extended discussion of the other issues raised by the petitioner[3] because of what we find to be the division’s failure to afford the petitioner the procedural due process necessary to sustain the continued enforceability of the order.' It is an established constitutional principle that whenever a governmental entity exercises its authority to take disciplinary action against a protected right or interest, such as the license involved in this case, Keating v. State, 173 So.2d 673 (Fla.1965), without affording an opportunity to be heard before that action, it must do so, as Sec. 120.60(7) itself provides, promptly thereafter. In the recent and leading case of Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979), the Supreme Court considered the due process procedural safeguards required subsequent to the entry of the emergency suspension of a horse trainer’s license by New York racing authorities. After holding that such a suspension without prior hearing was permissible, the court went on to say:
That the State’s presuspension procedures were satisfactory, however, still leaves unresolved how and when the adequacy of the grounds for suspension is ultimately to be determined. As the District Court found, the consequences to a trainer of even a temporary suspension can be severe; and we have held that the opportunity to be heard must be ‘at a meaningful time and in a meaningful manner.’ Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).[4] Here, the provision for an administrative hearing, neither on its face nor as applied in this case, assured a prompt proceeding and prompt disposition of the outstanding issues between Barchi and the State. Indeed, insofar as the statutory requirements are concerned, it is as likely as not that Barchi and others subject to relatively brief suspensions would have no opportunity to put the State to its proof until they have suffered the full penalty imposed. Yet, it is possible that Barchi’s horse may not have been drugged and Barchi may not have been at fault at all. Once suspension has been imposed, the trainer’s interest in a speedy resolution of the controversy becomes paramount, it seems to us. We also discern little or no state interest, and the State has suggested none, in an appreciable delay in going forward with a full hearing. On the contrary, it would seem as much in the State’s interest as Barchi’s to have an early and reliable determination with respect to the integrity of those participating in state-supervised horse racing.
In these circumstances, it was necessary that Barchi be assured a prompt postsuspension hearing, one that would proceed and be concluded without appre-dable delay. Because the statute as applied in this case was deficient in this respect, Barchi’s suspension was constitutionally infirm under the Due Process Clause of the Fourteenth Amendment. *606 [e.s.] 443 U.S. at 66, 99 S.Ct. at 2650, 61 L.Ed.2d at 376.
This determination is directly applicable to and controls this case.
The emergency order under review was entered on January 29,1981. The present petition was heard on the merits before us on March 10, 1981. At that time we were informed by both sides that, although a formal revocation proceeding had been commenced within twenty days as specified by Fla.Admin.Code Rule 28-6.-11(3),[5] no hearing (let alone a disposition) has yet taken place or even been scheduled,[6]*[7] although one had been immediately requested by the licensee. In no sense can it be said that a period of this length — involving a fifty day minimum and an open-ended maximum between the emergency suspension and a hearing and determination of the merits — involves either the prompt action the statute requires or the conclusion “without appreciable delay” the constitution demands. Barry v. Barchi, supra; see, West v. Board of County Commissioners, Monroe County, 373 So.2d 83 (Fla.3d DCA 1979); see also, Johnkol, Inc, v. License Appeal Commission of Chicago, 42 Ill.2d 377, 247 N.E.2d 901 (1969), Ingram v. License Appeal Commission of Chicago, 131 Ill.App.2d 218, 268 N.E.2d 469 (1971); compare, New Safari Lounge, Inc. v. City of Colorado Springs, 193 Colo. 428, 567 P.2d 372 (1977) (emergency liquor license suspension constitutionally effected when hearing set for nine days thereafter and licensee rejected opportunity for even earlier date).[8] Since it is therefore clear that it may be given no present or future efficacy,[9] we quash the *607 emergency order of suspension under review.[10]
Petition for review granted.[11]

. Pursuant to Sec. 120.68(1), Fla.Stat. (1979), and Fla.R.App.P.9.100.

. The unlawful activity had purportedly been observed by undercover beverage agents.

. We may say, however, that there is no discernible merit in the petitioner’s various claims (a) that Sec. 561.29(6), Fla.Stat. (1979), which purportedly delays the effectiveness of an order of license suspension for 15 days to permit the filing of an application for review “to the Department of Business Regulation,” is applicable to this case; see Sec. 20.16, Fla.Stat. (1979), as amended by Ch. 78-131, Laws of Florida, eliminating appellate jurisdiction of department provided by Sec. 20.16(3), Fla.Stat. (1977); Tauber v. State Board of Osteopathic Medical Examiners, 362 So.2d 90 (Fla.4th DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979) (similar statutory provision inapplicable to emergency suspension); (b) that a pre-suspension hearing is constitutionally or statutorily required, Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979); Lerro v. Department of Professional Regulation, 388 So.2d 47 (Fla.2d DCA 1980); West v. Board of County Commissioners, Monroe County, 373 So.2d 83 (Fla.3d DCA 1979) and cases cited; City of Ft. Lauderdale v. Campbell, 362 So.2d 716 (Fla.4th DCA 1978); and (c) that the findings recited in the order are neither sufficiently articulated nor justify the emergency suspension. Lerro v. Department of Professional Regulation, supra; Saviak v. Gunter, 375 So.2d 1080 (Fla.1st DCA 1979); compare, Commercial Consultants Corp. v. Department of Business Regulation, 363 So.2d 1162 (Fla.1st DCA 1978).

. We quoted and applied the same language in West v. Board of County Commissioners, Monroe County, supra.

. (3) Unless otherwise provided by law, within twenty (20) days after emergency action taken pursuant to subsection (1), the Agency shall initiate a formal suspension or revocation proceeding in compliance with §§ 120.60 and 120.57, F.S,

. It appears that the reason for this delay is that the case has been placed in the normal channels of the Division of Administrative Hearings for scheduling, trial, and disposition. Obviously, such ordinary processing will not do to meet the extraordinary demands of expeditious handling which are required to validate an emergency suspension without prior opportunity to be heard.

. We think that our consideration of the effect of these stipulated facts in the light of the established law represents an appropriate application of an exception to the general rule that courts may not consider events after the order under review which were not before the lower tribunal. A court may depart from this principle when “by so doing, it can shorten litigation and best subserve the ends of justice.” 5B C.J.S. Appeal & Error § 1842 (1958); Southern Brewing Co. v. May, 122 Fla. 782, 165 So. 909 (1936); see, Storch v. Allgood, 184 So.2d 170 (Fla.1966) (mootness); 5 Am.Jur.2d Appeal and Error § 728 (1962), and cases cited at n.18.

. Plainly, no hard and fast rule may be laid down as to the precise period which constitutes a “meaningful time” for a post-suspension hearing. The length of the delay permitted must vary with, among other things, the interest to be protected and the availability of remedies to redress any harm caused by the passage of time. See, Gernstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Thus, as we noted in the West case, supra, at 373 So.2d 87, a three-month delay after the dismissal of an employee was deemed constitutionally tolerable in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); in such a situation, however, the employee would be made entirely whole by reinstatement and back pay after the hearing had finally taken place. Cf., however, West v. Board of County Commissioners, supra (14 month delay while employee “in limbo” impermissible.) In a case such as this, in contrast, the closing of a licensee may result in a loss of reputation and would certainly cause a loss of income for neither of which the state would be liable even if it were shown at an adversary hearing that its previous action was unjustified. We therefore have no difficulty in concluding that the delay in this case went far beyond constitutional boundaries. See, New Safari Lounge, Inc. v. City of Colorado Springs, supra.
The division cites Lerro v. Department of Professional Regulation, supra, for a contrary conclusion. We observe that the court in that case seems not to have been directly presented with the post-suspension delay contention we deem decisive in this one. If, however, note 2 at 388 So .2d 48 is to be taken as an approval of a three-month gap between a professional license suspension and a hearing, we disagree.

.Because of our holding that a constitutionally-required timely disposition of the proceeding has not in fact been afforded the petitioner and thus that the actual procedure involved denied it due process, we need not determine the facial constitutional sufficiency of that portion of Sec. 120.60(7) which requires the “prompt” institu *607 tion of and action upon a formal proceeding, but does not provide specific time limitations or the procedural apparatus through which these constitutional imperatives may be assured. See, Barry v. Barchi, supra; compare 12-47-120(2), Colorado Revised Státutes 1973, which limits the effect of an emergency suspension to fifteen days. Nor do we consider whether, as applied, the institution of the proceeding within 20 days under Rule 28-6.11(3), see note 5, supra, or even the rule itself passes constitutional muster. Cf., New Safari Lounge, Inc. v. City of Colorado Springs, 193 Colo. 428, 567 P.2d 372 (1977) (provision for immediate notice and hearing as soon as possible within fifteen days thereafter facially valid:)

. Although many petitions for review of emergency license suspension orders, entered by this agency and others, have been filed in this court, we have never before been required to consider the parameters of the due process requirement of a prompt subsequent hearing. This was largely because in most prior cases we have entered a stay pending review, as required by Sec. 120.68(3) in the absence of a determination “upon petition of the agency ... that a supersedeas would constitute a probable danger to the health, safety or welfare of the state.” These stays effectively suspended the orders until the final hearing and thus mooted the question of when the hearing had to occur. The issue became crucial, however, in the present case when, because of the rather egregious facts allegedly involved, we denied super-sedeas. Because of that denial, the briefing and argument schedule was accelerated. Immediately upon learning at oral argument that the hearing had not yet taken place, the previous order denying supersedeas was vacated and a stay was ordered pending this opinion.

. This action is totally without prejudice to the revocation proceeding now, however glacially, under way.