410 So.2d 213 (1982)
Juan AMPUERO, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. 81-2219.
District Court of Appeal of Florida, Third District.
March 3, 1982.
*214 Joseph R. Boyd, Tallahassee, for appellant.
Deborah J. Miller, Tallahassee, for appellee.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
Appellant, a physician, seeks review of an emergency order of the Department of Professional Regulation which prohibits him from prescribing any scheduled substances as defined by Chapter 893.03, Florida Statutes.[1] The order of September 8, 1981 is based on a preliminary finding that between December 16, 1980 and May 26, 1981, petitioner prescribed Methaqualone and Ativan, both controlled substances, in excessive amounts, without "good faith" and outside "the course of his professional duties."
Appellant requested an immediate hearing on the administrative complaint and was given a hearing date of October 22, 1981. Thereafter on October 12, 1981 appellant was informed by the Department of Administrative Hearings that there was no right to an immediate hearing on the administrative complaint and that the order of emergency restriction was a final order reviewable only in the District Court of Appeal. A Petition for Stay of the order of emergency restriction was filed in this court October 16, 1981 and was denied without hearing.
Petitioner then filed an appeal in this court from the denial of an immediate hearing on the administrative complaint. On the date that the last brief was filed in this matter  December 28, 1981  a hearing on the administrative complaint was still not scheduled though some one hundred and twelve days had elapsed. At the time of hearing on this appeal, which we treat as a renewed motion to stay the order of emergency restriction, there has been a hearing on the administrative complaint but still no disposition. Almost six months have now elapsed.
We find the circumstances of this delay more egregious than was the case in Aurora Enterprises v. State, Department of Professional Regulation, 395 So.2d 604 (Fla.3d DCA 1981) wherein we held that a fifty-day delay between the date of temporary suspension of a license and hearing on a complaint for revocation was a denial of due process. When the state undertook to temporarily restrict the petitioner's privilege to practice medicine it had an affirmative duty to grant a post-suspension hearing and one that would be concluded without appreciable delay. Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). The dictates of Barry v. Barchi, supra, and Aurora v. State, Department of Professional Regulation, supra have not been complied with.
The emergency order of restriction of license is quashed.
THE COURT WILL NOT ENTERTAIN A MOTION FOR REHEARING.
NOTES
[1] We have jurisdiction pursuant to Section 120.68(1), Florida Statutes (1979).