438 So.2d 90 (1983)
Elizabeth GERVAIS, D/B/a the Stardust Bar, Appellant,
v.
DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 83-1568.
District Court of Appeal of Florida, Second District.
September 7, 1983.
Rehearing Denied September 23, 1983.
Michael D. LaBarbera of LaBarbera & Campbell, Tampa, for appellant.
James N. Watson, Jr., Tallahassee, for appellee.
BOARDMAN, Acting Chief Judge.
Elizabeth Gervais, the owner of the Stardust Bar, filed a petition for writ of certiorari[1] seeking review of an emergency order entered by the Division of Alcoholic Beverages and Tobacco which suspended operation of the bar's liquor license. We affirm the suspension order.[2]
Pursuant to section 561.29 and section 120.60(7), Florida Statutes (1981), the Division entered its order of emergency suspension on June 29, 1983, after beverage officers observed ten drug transactions take place at the bar over a five-day period. Three of these transactions allegedly involved employees of the Stardust Bar, while the others involved bar patrons and a bar-tender whose employment status is disputed. The Division simultaneously issued a formal notice to show cause why appellant's license should not be suspended or revoked or civil penalty imposed, and a full hearing was held on this matter on July 7, 1983.[3]
The only question presented here at this stage of the proceedings is the appropriateness of the emergency order of suspension. *91 Section 120.60(7) authorizes an agency to enter an emergency order summarily suspending, restricting, or limiting a license if the agency finds that an immediate, serious danger to the public health, safety, or welfare requires such action. An agency entering an order of emergency suspension must show compliance in its order with the requirements imposed by section 120.54(9) on agencies making emergency rules.
As is required by section 120.54(9)(a)3, the order in the instant case clearly set forth specific facts and reasons for the Division's finding of immediate danger to the public welfare necessitating emergency suspension of appellant's license. We believe those reasons sufficiently support the Division's order. See Lerro v. Department of Professional Regulation, 388 So.2d 47 (Fla. 2d DCA 1980); Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979). Cf. Commercial Consultants Corp. v. Department of Professional Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978) (temporary order's conclusory prediction of harm found insufficient to satisfy statutory requirement). Therefore, we AFFIRM the emergency suspension of appellant's license.
RYDER and DANAHY, JJ., concur.
NOTES
[1] We treat the petition for certiorari as an appeal from a nonfinal administrative order under § 120.68(1), Fla. Stat. (1981) and Rule 9.100, Fla.R.App.P.
[2] We, of course, do not express any view as to the merits of the final revocation proceedings which are currently under way.
[3] Petitioner raises no complaint as to the constitutional validity of the Division's postsuspension procedures.