PER CURIAM.
Pursuant to the provisions of Section 655.083(6), Florida Statutes (1985) the Department of Banking, by the comptroller, issued a confidential cease and desist order relating to certain banking policies of a bank in Dade County, Florida, without pri- or notice or hearing. The cease and desist order provided by its terms that the bank could secure an immediate hearing pursuant to Section 120.57, Florida Statutes (1985), or that it could seek judicial review at an appropriate district court of appeal. The bank elected to seek review in this district court, which review, of necessity, must accept the factual basis underlying the cease and desist order for purposes of consideration of the emergency that warranted the issuance of the order. The appellant has sought to maintain the confidentiality of the proceedings pursuant to Section 655.057, Florida Statutes (1985). It also filed a motion to stay the effect of the cease and desist order pending appellate review. This court directed a response be filed to the motion for stay, which was done by the Department, which response was met with a reply by the movant.
The matter came on for hearing on appellant’s motion to stay. The bank, through its counsel, recognized that in determining the propriety of the motion to stay, we would necessarily have to consider the propriety of the emergency nature of the cease and desist order and offered that we could consider the appeal on its merits. We agree that the matter should be addressed on its merits as to the cease and desist order.
The principal complaint of the bank is that the cease and desist order issued pursuant to Subsection 6 of Section 655.033, Florida Statutes (1985), requires affirmative, corrective action by bank officials, and that this cannot be done under Subsection 6 but can only be done by proceeding pursuant to Subsection 3 of Section 655.033, Florida Statutes (1985). We note that proceedings pursuant to Subsection 8 are not confidential. We also note that the Department of Banking pursuant to Section 658.79, Florida Statutes (1985), has the power to order the immediate closing of a bank without notice if it finds that the bank is insolvent or insolvency is immediate, which the facts stated in this order would have permitted.[1] It is also apparent that many of the provisions of the cease and desist order were appropriate and not challenged by the *1114 bank. It is true that certain provisions were couched in affirmative language. These could have readily been couched in conditional cease and desist language, such as “bank cease operations within 30 days unless a certain minimum level of assets to liabilities is met.”
The emergency cease and desist order meets the constitutional test of due process because it gives the bank the right to an immediate hearing. See & compare Aurora Enterprises, Inc. v. State Department of Business Regulation, 395 So.2d 604 (Fla. 3d DCA 1981); Lerro v. Department of Professional Regulation, 388 So.2d 47 (Fla. 2d DCA 1980); Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979); Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979). Such an order is an alternative to the Department closing the bank without notice pursuant to Section 658.79, Florida Statutes (1985), which action as previously indicated would have been justified.
We affirm the emergency nature and the entry of the cease and desist order based on the factual findings contained therein, recognizing that upon appropriate administrative hearing issue may be taken with any or all of such factual findings. Therefore for the reasons above stated, the confidential emergency cease and desist order issued on September 1, 1987 by the comptroller, as head of the Department of Banking and Financing, be and the same is hereby affirmed.
Affirmed.

. The cease and desist order stated in part the following facts upon which said order was predicated.
(1) There was an excess volume of adversely classified or criticized assets.
(2) There was poor asset quality in that a significant volume of the bank’s loans were *1114 poorly documented lacking adequate credit information or documentation.
(3) The bank failed to maintain adequate loss reserves.
(4) The bank has suffered significant continuing operating losses, having never operated at a profit.
(5) The bank had an inadequate level of capital protection.
(6) The bank was speculating in the securities market.
(7) The bank's liquidity level was marginal.
(8) The bank’s overhead expenses were excessive.
(9) Certain bank officers misused bank funds for their personal benefit.
(10) The bank was in noncompliance with the terms and provisions of a prior agreement and memorandum of understanding designed to correct certain areas of concern.