580 So.2d 881 (1991)
PINACOTECA CORPORATION, D/B/a Club 21, Petitioner,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Respondent.
No. 91-1320.
District Court of Appeal of Florida, Fourth District.
June 5, 1991.
Norman Elliott Kent of Norman Elliott Kent, P.A., Fort Lauderdale, for petitioner.
Thomas A. Klein, Asst. Gen. Counsel, Tallahassee, for respondent.
*882 PER CURIAM.
Petitioner seeks review of an emergency order suspending its alcoholic beverage license. No prior hearing having been held, the record for our review is limited to the four corners of the order itself. See § 120.68(5)(c), Fla. Stat. (1989); Pure Fresh Enter., Inc. v. Dep't of Business Regulation, 510 So.2d 1020 (Fla. 4th DCA 1987); Commercial Consultants Corp. v. Dep't of Business Regulation, 363 So.2d 1162 (Fla. 1st DCA 1978).
Having rejected petitioner's contention that it has been deprived of due process, see Pure Fresh, 510 So.2d at 1020, Lash, Inc. v. State Dep't of Business Regulation, 411 So.2d 276, 277 n. 1 (Fla. 3d DCA 1982), Lerro v. Dep't of Professional Regulation, 388 So.2d 47 (Fla. 2d DCA 1980), and Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979), our remaining task is to determine whether the emergency order sufficiently identifies particularized facts showing an immediate danger to the public welfare. See Pure Fresh, 510 So.2d at 1020; Denney v. Conner, 462 So.2d 534 (Fla. 1st DCA 1985); Gervais v. Division of Alcoholic Beverages & Tobacco, 438 So.2d 90 (Fla. 2d DCA 1983).
An alcoholic beverage licensee is not an absolute insurer of the propriety of all conduct and human activities upon its premises, but it is held to high degree of accountability for a violation of law occurring during the operation of its establishment. Taylor v. State Beverage Dep't, 194 So.2d 321 (Fla. 2d DCA), cert. denied, 201 So.2d 464 (Fla. 1967). Also, where illegal activity on licensed premises is persistent and recurring, it may be inferred that the licensee had knowledge of the activity. Lash, Inc. v. State Dep't of Business Regulation, 411 So.2d 276 (Fla. 3d DCA 1982); Golden Dolphin No. 2, Inc. v. State Division of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981); G & B of Jacksonville, Inc. v. State Dep't of Business Regulation, 371 So.2d 139 (Fla. 1st DCA 1979).
Sections 561.29(1)(a) and (c), Florida Statutes (1989), provide in pertinent part that an alcoholic beverage license may be suspended when the licensee or its employees permit another on the licensed premises to violate any of the laws of this state, or when the licensee maintains a nuisance on the licensed premises. Section 823.10, Florida Statutes (1989), provides in pertinent part that any building that is visited by persons for the purpose of unlawfully using, selling or delivering controlled substances shall be deemed a public nuisance.
Here, the emergency order indicates that a confidential informant and undercover beverage officers conducted eight separate cocaine transactions and one marijuana transaction on the club's premises during a seventy-eight-day period. According to the order, two of the cocaine transactions directly involved two different club employees, and four indirectly involved club employees. The marijuana transaction directly involved a club security guard.
We conclude that the factually explicit emergency order is persuasive and is sufficient to show an immediate danger to the public health, safety or welfare. Accordingly, the petition for review is denied. This decision does not, however, affect any subsequent administrative proceedings under section 120.57(1), Florida Statutes (1989), at which proceedings petitioner may introduce evidence to contradict the findings in the emergency order.
GLICKSTEIN, STONE and POLEN, JJ., concur.