581 So.2d 960 (1991)
Nestor GARCIA, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 91-456.
District Court of Appeal of Florida, Third District.
June 18, 1991.
*961 Harold M. Braxton, Miami, for appellant.
Lisa S. Nelson, Tallahassee, for appellee.
Before BARKDULL, GERSTEN and GODERICH, JJ.
BARKDULL, Judge.
By this appeal the appellant, Garcia, seeks review of an order of the Secretary of the Department of Professional Regulation, which on an emergency basis suspended Garcia's license to practice medicine.[1]
Garcia was, and apparently is still, addicted to Demerol. He voluntarily entered a treatment program, where he refuses to acknowledge his problem, preferring to treat himself. It came to light that Garcia, a practicing psychiatrist, had seduced a minor patient under his care, and aided the minor in her escape from the Psychiatric unit of Memorial Hospital in Hollywood, and that he took the minor to a motel and injected himself and the minor with Demerol. Garcia was examined by two doctors, one of whom recommended a long term chemical dependency program for outpatient treatment. The other said, that based on his examination it would be unsafe, in fact, dangerous for Garcia to continue to practice medicine. Based on this, the Secretary of the Department of Professional Regulation entered the emergency license suspension herein appealed.
The appellant contends that Section 120.60(8), Florida Statutes (1988), is unconstitutional, that the provisions for review of the emergency suspension order and procedures for a formal hearing on the administrative complaint are inadequate, because of the length of time involved, thereby depriving him of due process, and therefore, the emergency suspension order is facially invalid.
The appellee contends that Section 120.60(8), Florida Statutes (1988), is constitutional on its face and that the statutes and Rules provide the appellant with sufficient review of the emergency suspension order to afford him due process, and that the findings of the Secretary are sufficient to establish an immediate danger to the public.
We agree. See and compare Major v. Department of Professional Regulation, Bd. of Medicine, 531 So.2d 411 (Fla. 3d DCA 1988); Grantham v. Gunter, 498 So.2d 1328 (Fla. 4th DCA 1987); Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979); Tauber v. State, Bd. of Osteopathic Medical Examiners, 362 So.2d 90 (Fla. 4th DCA 1978).
Therefore the order under review is affirmed.
Affirmed.
NOTES
[1] We have jurisdiction. See Gervais v. Division of Alcoholic Beverages and Tobacco, 438 So.2d 90 (Fla. 2nd DCA 1983); Aurora Enterprises, Inc. v. State, Dept. of Business Regulation, 395 So.2d 604 (Fla. 3rd DCA 1981); Section 120.68, Florida Statutes (1989); Rule 9.100 (a), Florida Rules of Appellate Procedure.