584 So.2d 112 (1991)
Barbara R. STOCK, Appellant,
v.
DEPARTMENT OF BANKING AND FINANCE, etc., Appellee.
No. 90-2540.
District Court of Appeal of Florida, Fifth District.
August 1, 1991.
*113 William M. Rishoi and K. Michael Swann of Snyderburn, Rishoi & Swann, Winter Park, for appellant.
Elise M. Greenbaum, Asst. Gen. Counsel, Office of the Comptroller, State of Fla., Tallahassee, for appellee.
PETERSON, Judge.
Appellant, Barbara Stock, was registered with the State of Florida Department of Banking and Finance, Division of Securities and Investor Protection (Department), as an associated person of Dominick & Dominick, Inc., a Florida corporation. On November 14, 1990, the Department's emergency order was hand-delivered to her specifying:
A. Barbara R. Stock shall IMMEDIATELY CEASE AND DESIST from the misappropriation of assets entrusted to Stock.
B. Stock shall IMMEDIATELY CEASE AND DESIST from the concealment of material facts from securities customers affected by the fraudulent transactions described herein.
C. Stock shall forthwith and immediately CEASE AND DESIST from any and all further violations of Chapter 517, Florida Statutes, as more specifically set forth in the foregoing Conclusions of Law.
D. The securities registration of Stock is hereby SUSPENDED. Subject to the Notice of Rights provided with the accompanying Notice of Intent to Impose Sanctions of the Respondent, a subsequent order will be issued, ratifying or modifying this suspension or imposing additional penalties as set forth in the accompanying notice.
The order included ten paragraphs of findings of fact that may be summarized as indicating that Stock made $64,970 worth of unauthorized withdrawals from a customer's money market account and that she retained some of the proceeds from the withdrawals for her own benefit and the remainder she deposited for the benefit of organizations in which she had an interest. The order then indicated that the Department was proceeding pursuant to sections 120.59(3), 517.161, and 517.221, Florida Statutes, included conclusions of law, recited the emergency nature of the order, and indicated that judicial review was available pursuant to section 120.68, Florida Statutes.
An administrative complaint was hand-delivered to Stock along with the emergency order. The complaint made the same allegations as contained in the emergency order and advised her that she may be subject to sanctions including suspension or revocation of her registration and advised her of her right to request a hearing in accordance with section 120.57, Florida Statutes, and Rule 3-7.002, Florida Administrative Code.
On January 11, 1991, Stock filed with the Department her petition for a formal hearing pursuant to section 120.57(1), Florida Statutes, and Rule 28-6.009(4), Florida Administrative Code. She also appealed to this court the emergency cease and desist order and suspension of her registration. On February 21, 1991, the Division of Administrative Hearings (DOAH) directed an initial order to Stock and the Department requesting suggested dates for the hearing and other routine information. The last entry in the record on appeal is a notice *114 dated February 28, 1991, indicating that Stock's employer, Dominick, terminated her registration as an agent on February 8, 1991.
Stock complains that she was not given a right to a hearing prior to issuance of the emergency order, that the emergency order does not afford her a prompt post-order hearing, and that the emergency order failed to allege facts that show that the public will suffer irreparable harm in the future. She believes that allegations showing only that harm has previously occurred are insufficient.
The Department's order consolidated two separate but factually related actions contemplated by the statutes, each having slightly different initial emergency procedures. Review of both is substantially the same under chapter 120, Florida Statutes (1989). One action was the suspension of the privileges associated with registration under section 517.161(6)(b), and the other action was the cease and desist order under section 517.221, Florida Statutes (1989). An analysis of each is helpful.

SUSPENSION OF REGISTRATION
Section 517.161(6)(b) states:
Any order of suspension or restriction under this subsection shall:
1. Take effect only after a hearing, unless no hearing is requested by the registrant or unless the suspension or restriction is made in accordance with s. 120.60(8).
2. Contain a finding that evidence of a prima facie case supports the charge made in the enforcement action or criminal prosecution.
3. Operate for no longer than 10 days beyond receipt of notice by the department of termination with respect to the registrant of the enforcement action or criminal prosecution.
Section 120.60(8) states:
If the agency finds that immediate serious danger to the public health, safety, or welfare requires emergency suspension, restriction, or limitation of a license, it shall show compliance in its order with the requirements imposed by s. 120.54(9) on agencies making emergency rules. Summary suspension, restriction, or limitation may be ordered, but a formal suspension or revocation proceeding under this section shall also be promptly instituted and acted upon.
These statutes clearly indicate that, although a suspension may take effect upon issuance when an emergency situation is encountered, a formal or routine proceeding must be promptly initiated and acted upon. The hearing mentioned in section 517.161(6)(b) is not further described in chapter 517, but chapter 28-6, Licensing, Florida Administrative Code, prescribes the procedure to be followed in the revocation of a license. Florida Administrative Code Rule 28-6.009(1) provides that an administrative complaint must be served upon the licensee pursuant to section 120.60(6), Florida Statutes (now section 120.60(7)). Rule 28-6.009(2)(c) provides that the licensee then has a right to request a hearing pursuant to section 120.57, Florida Statutes.
The Florida Administrative Code also specifically addresses the procedure when emergency action is initiated by the Department. Subsections (2) and (3) of rule 28-6.011 state:
(2) The fourteen (14) day notice requirement of rule 28-6.009(1) does not apply and shall not be construed to prevent a hearing at the earliest time practicable upon request of an aggrieved party.
(3) Unless otherwise provided by law, within twenty (20) days after emergency action taken pursuant to subsection (1), the Agency shall initiate a formal suspension or revocation proceeding in compliance with Sections 120.60 and 120.57, F.S... .
We view the Department's simultaneous service of the administrative complaint with the emergency order by hand-delivery upon Stock as a compliance with the requirement of section 120.60(8) that a suspension or revocation proceeding be promptly instituted and acted upon. Once the action was instituted, it was incumbent upon Stock as the aggrieved person to request, pursuant to rule 28-6.011(2), that *115 DOAH set a hearing at the earliest time practicable. Instead of requesting an expedited hearing, Stock's answer simply requested that a formal hearing be scheduled by DOAH pursuant to section 120.57(1). Neither the Department nor DOAH was apprised of Stock's desire that a hearing be scheduled early rather than routinely. It is not unusual to anticipate that Stock may wish to have a later rather than earlier hearing for many reasons, including interviewing and scheduling witnesses for a hearing. If Stock had made her wishes known that an early hearing was desired, both DOAH and the Department would have been required to expedite the hearing as required by section 120.60(8), Florida Statutes, and rule 28-6.011(2), Florida Administrative Code. Stock cannot request a hearing in a manner that would suggest routine handling and then complain for the first time on appeal that she was not given an early hearing.
We are cognizant of the decision in Aurora Enterprises, Inc. v. Department of Business Regulation, 395 So.2d 604 (Fla. 3d DCA 1981), wherein an emergency order suspending a liquor license was quashed when a hearing had not been scheduled within forty days after the formal revocation proceedings had been commenced. The opinion indicates that one had been requested immediately by the licensee, and we interpret the language of the opinion to mean that the licensee requested an immediate hearing, a request absent in the instant case. Id. at 606.

CEASE AND DESIST ORDER
Stock was ordered to cease and desist from certain activities in paragraphs A through C of the emergency order. Those orders were issued pursuant to section 517.221, Florida Statutes (1989), and remained effective for a period of ninety days from service on Stock, provided that, if the Department also began non-emergency cease and desist proceedings, the emergency order continued in effect until conclusion of the nonemergency proceedings to be conducted under section 120.57. The nonemergency proceedings were initiated simultaneously with the personal service of the emergency order. The Department complied with the statutory requirements.

DEPRIVATION OF DUE PROCESS
Stock's argument that she was entitled to a pre-suspension hearing is without merit. On a proper showing of an emergency, due process does not require a hearing prior to an administrative license suspension so long as a post-suspension proceeding is promptly instituted and an expedited hearing thereon is available. See, e.g., Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979); Milton v. Department of Health & Rehabilitative Services, 542 So.2d 1039 (Fla. 1st DCA 1989); Aurora Enterprises, Inc. v. Department of Business Regulation, 395 So.2d 604; Lerro v. Department of Professional Regulation, 388 So.2d 47 (Fla. 2d DCA 1980).

PAST VERSUS FUTURE HARM
We also find no merit in Stock's argument that, although the emergency order establishes facts showing that past harm has occurred, it does not establish the likelihood of future harm. There is ample precedent supporting the suspension of a licensee upon showing of past harm when the harm is sufficiently serious and of a nature likely to be repeated. See, e.g., Gervais v. Division of Alcoholic Beverages & Tobacco, 438 So.2d 90 (Fla. 2d DCA 1983) (ten drug transactions during five-day period, some of which involved liquor licensee's employees); Aurora Enterprises, Inc. v. State, 395 So.2d 604 (Principal of corporate liquor licensee violated narcotics laws.); Lerro v. Department of Professional Regulation, 388 So.2d 47 (Harbor pilot crashed into Sunshine Skyway Bridge.); Tauber v. State Bd. of Osteopathic Medical Examiners, 362 So.2d 90 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1374 (1979) (Physician's patient died as a result of his failure to supervise recovery and physician's privileges were revoked at two hospitals.).
In the instant case, the Department alleged that on eight different occasions over a period of almost twelve months Stock withdrew over $60,000 from a customer's *116 account. The Department was justified in removing the licensee from a position that would allow continuance of alleged actions that show such a propensity for malfeasance.

CONCLUSION
The Department followed the procedure prescribed by the Florida Statutes and the Florida Administrative Code, and Stock has failed to establish that she was denied a prompt hearing in the absence of making her wishes known.
AFFIRMED.
HARRIS and DIAMANTIS, JJ., concur.