MARSTILLER, J.,
concurring specially.
I concur fully in the court’s decision; but I write to address what I consider to be the fundamental problem with Department’s delay in granting Dr. Failer’s request for an administrative hearing.
When an agency takes emergency action against a license, as the Department did here, “a suspension or revocation proceeding pursuant to ss. 120.569 and 120.57 shall also be promptly instituted and acted upon.” § 120.60(6)(c), Fla. Stat. (2012) (emphasis added). This, and the other requirements set forth in section 120.60(6), protect a licensee’s right to due process where he or she suffers deprivation of a property interest prior to having the opportunity to respond to the agency’s *364 charges. “Absent these procedures, emergency action taken by an agency prior to providing an opportunity for the affected person(s) to be heard would run afoul of well-established constitutional guarantees of procedural due process.” Allied Educ. Corp. v. State, Dep’t of Educ., 573 So.2d 959, 961 (Fla. 1st DCA 1991).
Here, the Department issued the ESO against Dr. Failer’s medical license on November 13, 2013, and subsequently served him with an administrative complaint based on the allegations in the ESO on November 27, 2013. On December 11, 2013, Dr. Failer filed with the Department a petition for a formal (evidentiary) hearing before an administrative law judge so that he may challenge the complaint. More than ninety days later, the Department still has not given Dr. Failer his constitutionally-guaranteed hearing.
In Aurora Enterprises, Inc. v. State, Department of Business Regulation, 395 So.2d 604, 606-7 (Fla. 3d DCA 1981), the Third District quashed an ESO under similar factual circumstances.
The emergency under review was entered on January 29, 1981. The present petition [for review of the ESO] was heard on the merits before us on March 10, 1981. At that time we were informed by both sides that, although a formal revocation proceeding had been commenced [by the filing of an administrative complaint] within twenty days ... no hearing (let alone a disposition) has yet taken place or even been scheduled, although one had been immediately requested by the licensee. In no sense can it be said that a period of this length involving a fifty day minimum and an open-ended maximum between the emergency suspension and a hearing and determination of the merits involves either the prompt action the statute requires or the conclusion “without appreciable delay” the constitution demands.
Id. at 606 (citing Barry v. Barchi, 443 U.S. 55, 66, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979)) (footnotes omitted).
A post-ESO suspension or revocation proceeding must be promptly instituted and acted upon. Simply serving the administrative complaint simultaneously with or shortly after issuing the ESO is not, in my view, sufficient by itself to satisfy section 120.60(6), cf. Stock v. Dep’t of Banking & Fin., 584 So.2d 112, 114 (Fla. 5th DCA 1991), or constitutional due process requirements. Although I disagree with the Third District that the statutory directive mandates expedited administrative proceedings, see Aurora Enterprises, 395 So.2d at 607 n. 6, I submit that at the very least the agency must promptly respond to the licensee’s request for a hearing. A more-than-90-day delay in ruling on such a request is decidedly not prompt, especially in view of the 15-day requirement in section 120.569. Arguably, the Department’s inaction here runs afoul of section 120.60(6) and “well-established constitutional guarantees of procedural due process.” See Allied Educ. Corp.