399 So.2d 416 (1981)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellant,
v.
N.K., INC., a Florida Corporation, Appellee.
No. 81-272.
District Court of Appeal of Florida, Third District.
June 2, 1981.
William A. Hatch, Tallahassee, for appellant.
Sy Chadroff and Lane Abraham, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The Division of Alcoholic Beverages and Tobacco entered an emergency order, without a prior hearing, suspending the liquor license of N.K., Inc. because of numerous alleged narcotics violations which occurred on the licensed premises. The following day the licensee sought and obtained an injunction from the Dade County Circuit Court staying the Division's action. The Division brings this appeal asserting the Circuit Court lacked jurisdiction to issue the injunction. We agree and reverse the trial court's order issuing the injunction.
In Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 433 (Fla. 3d DCA 1978), we held "injunctive remedy [in the Circuit Court] ... is applicable only in those extraordinary cases where a party has no other adequate administrative remedy to cure egregious agency errors or where a party's constitutional rights are endangered." (emphasis supplied). The licensee in the present case clearly had another remedy. Section 120.68, Florida Statutes (1979), provides for immediate review in the appropriate District Court of Appeal where the agency suspends or revokes a license. See Aurora Enterprises, Inc. v. State, Department of Business Regulation, 395 So.2d 604 (Fla. 3d DCA 1981). As we noted in Aurora Enterprises, Section 120.68(3) specifically provides for the remedy sought by the licensee here.
*417 In seeking the injunction in Circuit Court, the licensee claimed[1] that constitutional due process considerations require a pre-suspension hearing. The claim is without merit. Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979); Aurora Enterprises, Inc. v. State, Department of Business Regulation, supra. The licensee's additional claim that the findings recited in the order of suspension do not sufficiently articulate the reasons nor justify the emergency suspension is also without merit. We rejected a similar claim in Aurora Enterprises, a case which involved virtually identical findings to those recited in the present suspension order.
Since it is clear the Circuit Court did not have jurisdiction, we reverse the order enjoining the Division of Alcoholic Beverages and Tobacco.
Reversed.
NOTES
[1] Our abbreviated discussion of the substance of the licensee's claim is solely to show that at the time the injunction under consideration issued, the licensee's constitutional rights were not endangered. We note that in the event a post-suspension hearing is not held, the licensee has an entirely different constitutional claim, see Aurora Enterprises, Inc. v. State, Department of Business Regulation, supra, which the Circuit Court may indeed have jurisdiction to hear.