THOMPSON, Judge.
The Department of Banking and Finance (Department) filed an emergency petition for writ of prohibition and a motion to vacate a temporary restraining order (TRO), alleging that the circuit court had no jurisdiction to entertain appellees’ motion for a TRO. This court entered an order that the petition would be treated as an appeal of the TRO and that the petition would be treated as the Department’s initial brief. We affirm the order of the circuit court.
The Department notified appellees on March 28, 1984 that it was entering an immediate emergency final order pursuant to Section 120.59(3), Florida Statutes (1983) (on finding an immediate danger to public health, safety or welfare, the agency head can issue an immediate final order), requiring appellees to cease and desist selling certificates of deposit with unregistered brokers in violation of Section 517.12, Florida Statutes (1983). On the same day, ap-pellees filed a motion pursuant to Section 120.59(3) in an injunctive action pending in circuit court in Leon County, seeking to enjoin the Department from enforcing the cease and desist order. The circuit court found that it had jurisdiction to entertain the motion and granted a TRO enjoining the Department from enforcing the cease and desist order.
The Department filed with this court a petition for writ of prohibition and a motion to vacate the TRO entered by the circuit court, which were treated as an appeal of the TRO. The Department argued only that the circuit court did not have jurisdiction to enter the TRO and that appellees’ proper recourse was to appeal to, or seek an injunction from, this court, citing to Section 120.68, Florida Statutes (1983) and to Key Haven Associated Enterprises, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 400 So.2d 66 (Fla. 1st DCA 1981), aff'd in part and rev’d in part, 427 So.2d 153 (Fla.1983). The appel-lees argue that the circuit court did have jurisdiction based on the provisions of Section 120.59(3), Florida Statutes (1983). We agree with appellees.
Section 120.59(3) provides:
If an agency head finds that an immediate danger to the public health, safety, or welfare requires an immediate final order, it shall recite with particularity the facts underlying such finding in the final order, which shall be appealable or enjoinable from the date rendered, (emphasis added)
The order in question is an immediate final order, and the only type of order which is appealable or enjoinable pursuant to specific statutory authority in Chapter 120, Florida Statutes (1983). Key Haven is distinguishable in that it did not involve an immediate final order. The circuit court therefore correctly found that it had jurisdiction to enter a TRO enjoining the Department from enforcing the cease and desist order.
Assuming arguendo that, under most circumstances, Section 120.68 would bar ap-pellees from seeking injunctive relief in the circuit court, we would hold under the facts of this case that appellees could properly seek relief in that forum. On January 30, 1984, appellant itself sought a permanent injunction in circuit court against appellees to prevent violation of Sections 658.74 (banking by unauthorized persons) and 665.1001 (dealing with savings banks with principal offices outside Florida). A TRO was granted against appellees, but a preliminary injunction was denied and the TRO vacated. It was only after this nonadministrative effort to halt appellees’ activities had failed that appellant entered the subject emergency cease and desist order pursuant to Section 120.59(3). Since appellant itself has gone outside the Administrative Procedures Act in the course of these proceedings, it will not now be heard to argue that it is improper for appel-lees to do so.
The court is riot unmindful of the somewhat unusual circumstances by which this *107 appeal is before it. We note, however, that, despite our order stating that the petition for writ of prohibition, which addressed only the issue of jurisdiction, was to be treated as an appeal and as the initial brief of appellant, appellant made no attempt to supplement the petition with any argument on the merits of the appealed TRO. Appellant evidently assumed that the court would deal with the appeal in a piecemeal fashion, addressing the jurisdictional issue now and the merits at a later time. Because no issue was raised by appellant as to the merits of the TRO, we do not consider the merits, but affirm the TRO based on the jurisdictional arguments that were presented.
Based on the foregoing, the order of the circuit court is affirmed.
WIGGINTON, J., concurs.
ERVIN, C.J., concurs in result only, without opinion.