458 So.2d 22 (1984)
CRITERION INSURANCE COMPANY, Appellant,
v.
STATE of Florida, DEPARTMENT OF INSURANCE and Bill Gunter, As Insurance Commissioner and Treasurer of the State of Florida, Appellees.
No. AT-462.
District Court of Appeal of Florida, First District.
October 11, 1984.
Rehearing Denied November 13, 1984.
*24 Ronald L. Harrop and Leon H. Handley of Gurney & Handley, Orlando, for appellant.
Daniel Y. Sumner and Ruth L. Gokel, Tallahassee, for appellees.
ERVIN, Chief Judge.
Criterion Insurance Company appeals from the trial court's final judgment upholding the facial constitutionality of Section 627.0651(10), Florida Statutes (1982), and dismissing with prejudice Criterion's amended complaint seeking injunctive and declaratory relief. We affirm.
On October 13, 1982, Criterion submitted to the Department of Insurance (Department), pursuant to section 627.0651, Florida's rate filing statute, a rate filing notifying the Department that Criterion had implemented rate increases for personal injury protection and uninsured motorist coverages effective October 1, 1982. On February 22, 1983, the Department, pursuant to section 627.0651(10), notified Criterion by its "Notice of Intent to Issue Final Order" that the rate filing "may be unfairly discriminatory or excessive among the members of the class affected." Criterion requested an administrative hearing which was eventually held on June 23, 1983. No recommended order has issued from the hearing officer.
On March 31, 1983, Criterion submitted another rate filing to the Department, advising of another rate increase for coverage for other than personal injury protection and uninsured motorist coverages, including coverages for bodily injury, property damage, medical payments, comprehensive, collision, towing and labor. The Department took the position that this rate filing was within the prohibited time period under section 627.0651, which provides in part:
After the department notifies an insurer that a rate may be excessive, inadequate, or unfairly discriminatory, unless the department withdraws the notification, the insurer shall not increase the rate until the earlier of 120 days after the date the notification was provided or 180 days after the date of implementation of the rate. The department may, subject to chapter 120, disapprove without the 60-day notification any rate increase filed by an insurer within the prohibited time period or during the time that the legality of the increased rate is being contested.
A principal issue between the Department and Criterion is whether the statutory prohibition for increasing "the rate" within the time period specified in the statute applies to rate increases for all coverages in situations where the original rate increases purported to be for only certain specified coverages. The Department is of the view that the effect of the statute is to prohibit any such increases, and that this interpretation is the only reasonable and workable one. Criterion, however, disagrees. In any event, the Department, on April 8, 1983, issued an "Immediate Final Order of Disapproval", finding that the March rate filing constituted an immediate danger to the public health, safety or welfare in that Criterion "is charging and collecting from insurance buying consumers of the State of Florida rates which have been illegally filed, and in utter derogation of the provisions of Section 627.0651(10), F.S. (1982)." The final order was issued without notice or hearing pursuant to Section 120.59(3), Florida Statutes (1981), which provides:
(3) If an agency head finds that an immediate danger to the public health, safety, or welfare requires an immediate final order, it shall recite with particularity the facts underlying such finding in the final order, which shall be appealable or enjoinable from the date rendered.

*25 (e.s.) At the same time the Department notified Criterion of its right to request a 120.57(1) administrative hearing.
Thereafter, Criterion filed a complaint in the circuit court seeking injunctive and declaratory relief and attacking the facial constitutionality of section 627.0651. In what Criterion refers to as an abundance of caution, it also requested a formal administrative hearing. On June 13, 1983, the hearing officer entered an order holding such hearing in abeyance until such time as the parties advised him that the case should be heard or dismissed or until further order of the hearing officer. No such hearing has been held.[1]
Criterion's circuit court complaint, as amended, sought declaratory and injunctive relief and alleged nine counts: Count I  the April 8, 1983 order violates Criterion's due process and equal protection rights since its rates are not unreasonable, arbitrary or excessive; Count II  the April 8 order unconditionally impairs the obligations of contract between Criterion and its policyholders; Count III  the Department misconstrues and misapplies section 627.0651(10); Count IV  section 627.0651(10) constitutes an unlawful delegation of legislative authority and is facially unconstitutional; Count V  the April 8 order is deficient for failure to recite with sufficient particularity the facts constituting the alleged danger to the public health, safety or welfare; Count VI  the entry of the April 8 order, without prior notice and opportunity for hearing, violates Criterion's due process rights; Count VII  the Department is without authority to require return or rebate of premiums; Count VIII  the April 8 order, requiring return of premiums, constitutes the imposition of an administrative penalty not authorized by law and in violation of Article I, Section 18, Florida Constitution; Count IX  section 627.0651(10) is facially unconstitutional as it creates an unlawful, irrebuttable presumption that all rate increases within the prohibited time period are excessive, arbitrary, void or otherwise unlawful and, therefore, violative of Criterion's due process and equal protection rights. The Department responded by moving to dismiss the complaint. The hearing was on: (1) the Department's motion to dismiss the complaint; (2) Criterion's motion for leave to file the amended complaint (tendered with the motion); (3) Criterion's motion for stay, and (4) its motion to stay enforcement of the April 8 order.
Following the hearing, the court granted Criterion's motion for leave to file its amended complaint, held that it had "no jurisdiction to consider any issue raised or raisable by the amended complaint other than the facial constitutionality vel non of section 627.0651(10)," and then ruled:
This Court determines that facially Section 627.0651(10), Florida Statutes (1982 Supp.), does not appear to be in violation of any constitutional principle.
Thereupon it denied the two motions to stay and dismissed the amended complaint with prejudice.
Criterion first contends that the court prematurely ruled on the facial constitutional claims; that it had no notice that the court would consider the constitutionality of the statute at the hearing on the motion to dismiss the complaint. We disagree. The motion to dismiss the complaint was explicitly based on appellant's failure to exhaust its administrative remedies on the ground that it had an adequate administrative remedy under Chapter 120, Florida Statutes. In making such allegations, the Department in effect challenged the court's subject matter jurisdiction to hear the case, a challenge which is properly raised by motion to dismiss. See Fla.R. *26 Civ.P. 1.140(b). The only ground on which the court could have considered the suit was as to the claims directed to the facial constitutionality of the statute. See Key Haven v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153 (Fla. 1982). Criterion was under no misconception as to the reach of the Department's motion. In fact, before the court entered its order of dismissal, Criterion filed a memorandum of law in response to the motion to dismiss, stating, "[U]nder well established principles of law this court has jurisdiction to consider the constitutionality of ... Section 627.0651(10), Florida Statutes (1982)." In Criterion's memorandum, citing to Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 ((Fla. 1978) and Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), it argued that "administrative remedies do not displace circuit court jurisdiction to enjoin the enforcement of facially unconstitutional agency action." (e.s.) Criterion specifically stated in its response that count IV of its complaint was a challenge to the facial constitutionality of the statute in question. Clearly, then, Criterion not only was aware of the scope of the Department's motion, but in fact appears to have invited the court's ruling on the constitutional issue.
The case before us is therefore in an altogether different posture from the circumstances presented in those cases relied upon by Criterion, Mills v. Ball, 344 So.2d 635, 638 (Fla. 1st DCA 1977), and Government Employees Insurance Company v. Anta, 379 So.2d 1038 (Fla. 3d DCA 1980), wherein factual issues  rather than issues of law  were required to be resolved following a final hearing on the merits. As this court observed in Mills v. Ball, 344 So.2d at 638: "A ruling on the merits should not be made until after the final hearing where the parties have full opportunity to present evidence in support of their respective positions." (e.s.) In the case at bar, once the trial court determined the legal issue that the statute under attack was constitutional, it correctly abstained from entertaining any of the nonconstitutional questions by holding such questions were not properly before it.
We disagree also with Criterion's argument that section 120.59(3), by using the words "appealable or enjoinable", authorizes a statutory means for permitting entry into the circuit court without complying with the exhaustion doctrine. The fact that an alternative judicial remedy is explicitly recognized by the Administrative Procedure Act does not mean that the exhaustion requirement may be dispensed with. For example, this court in State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977) was confronted with the following provisions of section 120.73, still extant, stating:
Nothing in this chapter shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86.
Notwithstanding the Act's implicit recognition of the circuit courts' continuing equitable jurisdiction, as well as the constitution's explicit provision conferring the power upon circuit courts to issue injunctions, Willis required adherence to the exhaustion doctrine. Later this court was asked whether exhaustion of administrative remedies was required in view of the statute's provision authorizing the continuing jurisdiction of the circuit courts to render declaratory judgments under chapter 86, and the court again ordered compliance. School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977).
Additionally, the administrative order entered on April 8, 1983, although immediate, is not final in the sense of concluding all administrative labors. Such an order has finality only from the standpoint that it is immediately reviewable for the purpose of determining whether it recites with particularity "specific findings of fact to support the summary agency action." Commercial Consultants Corporation v. *27 Department of Business Regulation, 363 So.2d 1162, 1164 (Fla. 1st DCA 1978). See also Saviak v. Gunter, 375 So.2d 1080 (Fla. 1st DCA 1979); Lerro v. Department of Professional Regulation, 388 So.2d 47 (Fla. 2d DCA 1980); Gervais v. Division of Alcoholic Beverages and Tobacco, 438 So.2d 90 (Fla. 2d DCA 1983).
The emergency order is more properly labeled one involving "preliminary, ..., or intermediate agency action or ruling [which] is immediately reviewable [in that] review of the final agency decision would not provide an adequate remedy." Section 120.68(1), Fla. Stat. This statement becomes all the more pertinent when it is considered that one species of a 120.59(3) order is an order involving summary suspension of a license without a prior hearing based on a finding that continued operation under the license would constitute an "immediate serious damage to the public health, safety, or welfare... ." Section 120.60(7).
The Third District Court of Appeal, in a series of decisions, Aurora Enterprises, Inc. v. State, Department of Business Regulation, 395 So.2d 604 (Fla. 3d DCA 1981); Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. N.K., Inc., 399 So.2d 416 (Fla. 3d DCA 1981); Department of Business Regulation, Division of Alcoholic Beverages and Tobacco v. Provende, Inc., 399 So.2d 1038 (Fla. 3d DCA 1981), and Department of Professional Regulation v. Fernandez-Lopez, M.D., 407 So.2d 286 (Fla. 3d DCA 1981), has approved the right of a regulatory agency to suspend a license without a pre-suspension hearing to the party affected, conditioned, however, upon its providing a prompt, post-suspension hearing. An emergency suspension order, cognizable under both sections 120.59(3) and 120.60(7), does not per se, however, furnish a basis for injunctive relief in circuit court. A judicial remedy is only available "in those extraordinary cases where a party has no other adequate administrative remedy to cure egregious agency errors or where a party's constitutional rights are endangered." Metropolitan Dade County v. Department of Commerce, 365 So.2d 432, 433 (Fla. 3d DCA 1978); accord Department of Business Regulation v. N.K., Inc. The test to determine whether injunctive relief should be granted to relieve a party from administrative action is the same as that which courts have otherwise used in determining whether to grant injunctive relief: the party applying for same must make a showing of the likelihood of irreparable harm; such a showing depends upon the unavailability of an adequate remedy at law, or, as here, the absence of an adequate administrative remedy to cure allegedly egregious agency error. See Department of Business Regulation v. Provende, Inc., and Willis, 344 So.2d at 590 ("[S]ome agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late.") Compare the decisions of this court in Communities Financial Corporation v. Florida Department of Environmental Regulation, 416 So.2d 813, 816 (Fla. 1st DCA 1982), where, in following Willis, we set forth the following criteria for determining the jurisdiction of the circuit court to act:
(1) [T]he complaint must demonstrate some compelling reason why the APA ... does not avail the complainants in their grievance against the agency; or (2) the complaint must allege a lack of general authority in the agency and, if it is shown, that the APA has no remedy for it; or (3) illegal conduct by the agency must be shown and, if that is the case, that the APA cannot remedy that illegality; or (4) agency ignorance of the law, the facts, or public good must be shown and, if any of that is the case, that the Act provides no remedy; or (5) a claim must be made that the agency ignores or refuses to recognize related or substantial interests and refuses to afford a hearing or otherwise refuses to recognize that the complainants' grievance is cognizable administratively... . Since such avenues of relief were not pursued, we cannot conclude that the *28 remedies of the administrative process were inadequate.
(e.s.). Criterion has failed to allege in its complaint the specificity required by Communities Financial Corporation regarding the absence of an administrative remedy as a predicate to conferring jurisdiction upon a circuit court.[2]
We are not unaware that there is language in State of Florida, Department of Banking and Finance v. Standard Federal Savings and Loan Association and K-Mart Corporation, 452 So.2d 105, (Fla. 1st DCA 1984), suggesting that a circuit court has jurisdiction to entertain an application for injunctive relief under the provisions of Section 120.59(3), Florida Statutes, from an administrative cease and desist order. This case was, however, decided upon its own extraordinary and unique facts. There the agency had first inconsistently applied for a permanent injunction before the circuit court to prevent alleged violations of the banking laws. When such relief was denied, it issued a cease and desist order, the effect of which was to restrain appellees from the very activities that the Department had sought to enjoin in circuit court. When the court entered a temporary restraining order (TRO), restricting the Department from enforcing the order, the agency sought relief before this court, arguing that the circuit court had no jurisdiction to consider the TRO  although it had previously appealed to this court from the lower court's denial of its petition for permanent injunction. In affirming the circuit court's TRO, we specifically noted: "Since appellant itself has gone outside the Administrative Procedures Act in the course of these proceedings, it will not now be heard to argue that it is improper for appellees to do so." 452 So.2d at 106. The Department, by its inconsistent conduct, could therefore be said to have waived its right to insist on adherence to the exhaustion doctrine. Cf. Amos v. Department of Health and Rehabilitative Services, 444 So.2d 43 (Fla. 1st DCA 1983). No similar conduct implying waiver exists in the case now on review.
The facts in the case at bar dramatically evince the need for scrupulous adherence to available administrative remedies. Criterion, notwithstanding that it was advised by the Department in the emergency order of its right to request a 120.57 hearing,[3] filed its suit for injunctive and declaratory relief in circuit court. The only issue cognizable in that court was, as stated, a facial attack on the regulatory statute. Clearly Criterion had an effective, alternative remedy. It had the right of immediate review to an appellate court from the Department's order for the purpose of determining whether the order set out with particularity the facts underlying it, as required by section 120.59(3). Cf. Department of Business Regulation v. N.K., Inc., 399 So.2d 416 ("The licensee [who obtained a circuit court injunction from an emergency administrative order suspending his license without a hearing] ... clearly had another remedy. Section 120.68 ... provides for immediate review in the appropriate District Court of Appeal ... ."). Criterion could also have asked this court to enjoin or stay the order during the pendency of the review proceeding. See section 120.68(13)(a). Finally, it could have asked for the constitutional issues to be considered de novo by this court after the administrative hearing on the merits was concluded. Cf. Rice v. Department of Health and Rehabilitative Services, 386 So.2d 844 (Fla. 1st DCA 1980). There is simply no reason why the administrative order of April 8, 1983 should be accorded *29 different treatment than is given those orders involving licensing suspensions. Both are 120.59(3) orders and the sufficiency of such orders should be tested by applying the provisions of sections 120.59(3), 120.54(9) and 120.60(7) in pari materia with one another.
This court's order, staying the enforcement of the Department's order of April 8, 1983, is vacated.
AFFIRMED.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] The hearing officer had previously entered an order on May 23, 1983, directing the parties to show cause why Criterion's application for a 120.57 hearing should not be dismissed for the reason that the Department's April 8, 1983 order appeared to constitute, as the hearing officer said, "final agency action which is either appealable to a district court of appeal or enjoinable in an appropriate circuit court." Apparently, counsel appeared before the hearing officer pursuant to the order to show cause, which culminated in the officer's June 13, 1983, holding in abeyance the 120.57 proceeding.
[2] Criterion, as a basis for invoking the circuit court's jurisdiction, makes the simple conclusory allegation that it "has no adequate remedy either at law or through any administrative proceeding".
[3] The denial of Criterion's application for a rate increase obviously affected its substantial interests. Thus, although the Department has the undoubted authority to deny the filed rate increase under the circumstances presented without a hearing, it is required, both constitutionally, Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979), and statutorily, section 120.57(1)(b)2, to grant a prompt, post-emergency order hearing.