478 So.2d 1126 (1985)
FRIENDS OF THE EVERGLADES, INC., a Non-Profit Florida Corporation, Appellant,
v.
ZONING BOARD, MONROE COUNTY, Florida; Board of County Commissioners of Monroe County, Florida; South Florida Regional Planning Council; Florida Department of Community Affairs Garden Cove, Inc.; Port Bougainville Assoc., Ltd.; and Port Bougainville Enterprises, Inc., Appellees.
Nos. BC-350, BD-326, BE-63 and BE-357.
District Court of Appeal of Florida, First District.
November 14, 1985.
Rehearing Denied December 23, 1985.
Michael F. Chenoweth, Miami, for appellant.
Lucien Proby, Jr., and Sheri Smallwood, Key West, for appellee Monroe County.
Samuel S. Goren of Josias & Goren, Fort Lauderdale, for appellee South Florida Regional Planning Council.
C. Laurence Keesey, Tallahassee, for appellee Dept. of Community Affairs.
Robert P. Smith, Jr., and Kathleen Blizzard, Hopping, Boyd, Green & Sams, Tallahassee, for appellees City Nat. Bank, Garden Cove and others.
WENTWORTH, Judge.
By four consolidated petitions in this court the appellant corporation, Friends of the Everglades, Inc., seeks review of one hearing officer's order and three orders of the Florida Land and Water Adjudicatory Commission (FLWAC). We deny appellees' motions to quash the appeals from the Commission's orders which denied Friends' *1127 standing, but affirm those orders on the merits for reasons detailed below.
We dismiss, sua sponte, the appeal from the hearing officer's order[1] on motion to dismiss, because such motions "can be finally disposed of only by the agency head." Rule 28-5.205. This order, in spite of its expressed closure of the file for mootness, is clearly nonfinal because the hearing officer has only that authority in this context. The agency has entered no order on mootness or otherwise, and appellant does not show, as required by § 120.68(1), Florida Statutes, that review of a final agency order would not provide an adequate remedy. Dismissal is of course without prejudice to a petition directed to any final agency order which may be entered. Criterion Insurance Co. v. State Department of Insurance, 458 So.2d 22 (Fla. 1st DCA 1984).
Appellees' motions to quash Friends' other appeals (from the three Commission orders on standing) assert that this court's prior opinion in Friends of the Everglades Inc. v. Board of County Commissioners of Monroe County, 456 So.2d 904 (Fla. 1st DCA 1984), review denied, 462 So.2d 1108 (Fla. 1985),[2] is res judicata on the standing issue in the present appeals. That opinion, however, related to development proceedings by Port Bougainville, a related project apparently involving the same parties and similar issues. Friends' present appeals assert procedural irregularities which occurred in the Garden Cove development, subsequent to the Port Bougainville proceedings. We therefore deny appellees' motions to quash because we find an insufficient identity of the cause of action for application of the strict res judicata doctrine.
However, on the merits of Friends' appeals on standing, our view of the prior opinion of this court does require affirmance based on well established estoppel doctrines precluding relitigation of issues previously adjudicated between the same parties. 32 Fla.Jur.2d, Judgments and Decrees, §§ 102 and 114. In the former appeal, as in this case, appellant has contended that the provisions of § 380.07(2), Florida Statutes, limiting standing for appeals, should not apply if the local proceeding is conducted in a manner which does not afford adequate notice and a fair opportunity for the public to be heard. This was expressly rejected in the former opinion:
As to the issue of due process of law, appellants assert they were entitled to adequate notice and an opportunity to be *1128 heard before the Monroe County Zoning Board and County Commission prior to approval by those bodies of a DRI development order. They contend they were denied that right, and section 380.07(2), which acts to exacerbate such denial by precluding them from appeal, is therefore unconstitutional. We disagree. (e.s.)
Friends of the Everglades, Inc. v. Board of County Commissioners of Monroe County, 456 So.2d 904, at 910, 911 (Fla. 1st DCA 1984). Appellant relies on further language in the opinion stating that the statutory denial of a right of appeal does not violate due process concepts "[o]nce due process is furnished at the local level." (e.s.) The emphasized words, in context, referenced only the fact that due process at the local level was adequately provided for, and did not determine that due process was in fact furnished or that, lacking such, a denial of appeal would be unconstitutional. Instead, the court's view of the statute clearly leaves appellant's enforcement of due process rights at the local level to some means other than appeal. The opinion sustains the legislative plan for FLWAC review of any such alleged errors in issuance of an order only "if the regional or state planning agencies believe that the public's interests will not be served by the local government's approval of a plan for development," and only when those parties initiate an appeal. Friends, supra at 911.
Appellant also contends that Chapter 380.07(2) constitutes an improper delegation of legislative authority by failing to provide standards and criteria for the decision as to when an authorized party should appeal to the FLWAC. We find that the provision is not constitutionally infirm. While there are no expressed criteria for the decision to appeal, § 380.07(4) does require that the FLWAC decision be made "pursuant to the standards of this chapter," and the decision to appeal thus would arguably encompass consideration of whether a development order accords with the general standards of Chapter 380. Alternatively, the determination to pursue an appeal may most reasonably be regarded as a discretionary action in the exercise of an executive rather than legislative function. It is accordingly not subject to an unlawful delegation challenge in that it does not encompass legislative authority.
The orders of the Commission are therefore affirmed, and the appeal from the order of the hearing officer is dismissed.
ERVIN and ZEHMER, JJ., concur.
NOTES
[1] The order reads:

ORDER CLOSING FILE
Based upon the Motion of the Respondents to Dismiss this proceeding for mootness, to which there has not been filed any opposition, it is
ORDERED that the Motion to Dismiss is granted, and the final hearing scheduled in this case for September 18, 1984, in Key West (4 days reserved) is cancelled, and it is further ORDERED that Case No. 84-1494 pending before the Division of Administrative Hearings is closed.
THIS ORDER entered this 10th day of September, 1984, in Tallahassee, Florida.
 WILLIAM B. THOMAS
 Hearing Officer
 Division of
 Administrative Hearings
The record reflects no action by the Commission, and upon inquiry by appellant the Commission's staff counsel responded only by letter advising "no action by the Adjudicatory Commission is anticipated." We conclude that does not reflect a refusal to act for purposes of permitting appeal. Appellant Friends cites no basis for disregarding Rule 28-5.205, or for review under the 1984 amendment of § 120.68(1), Florida Statutes, stating "A ... procedural or intermediate agency action ... including any order of a hearing officer, is immediately reviewable if review of the final agency decision would not provide an adequate remedy."
[2] The court there held in pertinent part:

[S]tanding to appeal a development order to FLWAC is limited to those parties expressly stated in section 380.07(2). Accordingly, we have refused to create any judicial exceptions where none was intended... .
[W]e do not agree that section 403.412(5) creates a statutory exception to the limited standing granted by section 380.07(2)... .
[I]ntervention at the local DRI review level ... does not create an exception to the express legislative limitation of standing found in section 380.07(2). If such an exception is to be created, then it is for the legislature to so provide  not this court.