BENTON, J.,
concurring in result.
Whether viewed as a petition for writ of prohibition, or as one seeking review of non-final agency action — the court “initially treated the petition as one seeking review of non-final agency action under section 120.68(1), Florida Statutes,” ante p. 561 — the rule of decision is that the petition should be denied, unless “review of the final agency decision would not provide an adequate remedy.” § 120.68(1), Fla. Stat. (2014). See Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008) (“A writ of prohibition is available only where there is no other ‘appropriate and adequate legal remedy.’ ” (citations omitted)). On this basis, I join the judgment of the court, without reaching many of the issues the majority opinion addresses.
As regards the need for appellate review at this juncture, the Pilots’ contention is that, even if, on review of final agency action, the reviewing court agrees with them that Commissioners Burke and Mi-guez should have disqualified themselves, the Commissioners would by then already have been the deciding votes to put in place lower pilotage rates which would remain in place until administrative and judicial proceedings concluded, so that the difference between the current rates and the new rates would be irretrievably lost to them.
They do not argue this point in a vacuum. Before Governor Scott appointed Commissioners Burke, and Miguez, the Pilots had moved for disqualification of two other employees of cruise companies that would benefit from a reduction in pilotage fees at the Port of Miami. Board counsel reportedly advised these gentlemen, Commissioners Nielsen and Fox, or “intend[ed] to strongly advise” them, that recusal was in order; which apparently led them to resign from the Board, creating the openings Governor Scott then filled (with two other cruise company employees) shortly before the rate hearing at which Commissioners Burke and Miguez declined to disqualify themselves.
In their petition, the Pilots noted that a preliminary vote had already gone against them and argued:
If Commissioners Burke and Miguez are permitted to vote on FCCA’s pending application, the pilots will be irreparably harmed, as section 310.151(4)(b) requires that any proposed agency action of the Rate Review Committee concerning rates becomes immediately effective, even if the substantially affected party seeks a hearing at the Division of Administrative Hearings (“DOAH”).
(Footnote omitted.) The pertinent statutory provisions do call for immediate implementation of rate hikes, but with an important proviso:
In any administrative proceeding pursuant to this section, the committee’s *565 proposed rate determination shall be immediately effective and shall not be stayed during the administrative proceeding, provided that, pending rendition of the committee’s final order, the pilot or pilots in the subject port deposit in an interest-bearing account all amounts received which represent the difference between the previous rates and the proposed rates. The pilot or pilots in the subject port shall keep an accurate accounting of all amounts deposited, specifying by whom or on whose behalf such amounts were paid, and shall produce such an accounting upon request of the committee. Upon rendition of the committee’s final order:
1. Any amounts deposited in the interest-bearing account which are sustained by the final order shall be paid over to the pilot or pilots in the subject port, including all interest accrued on such funds; and
2. Any amounts deposited which exceed the rates sustained in the committee’s final order shall be refunded, with the accrued interest, to those customers from whom the funds were collected. Any funds that are not refunded after diligent effort of the pilot or pilots to do so shall be disbursed by the pilot or pilots as the committee shall direct.
§ 310.151(4)(b), Fla. Stat. (2014) (emphasis added). The agency’s interpretation of the statute, as set out in its response to the petition, is reasonable and entitled to deference. The agency takes the position that the statutory prohibition against a stay does not apply in the event of a rate reduction:
Proposed rates only become immediately effective and remain so throughout the administrative proceedings if the pilots deposit the difference between the proposed and existing rates in an interest bearing account. This condition can only be met with a rate increase....
By operation of Section 310.151(4)(b), Florida Statutes, the decreased rates will automatically go into effect upon issuance of the notice of proposed agency action, but could be stayed during administrative proceedings with the filing of a motion for stay. Thus, the [Pilots] can prevent the alleged injury so that it will not persist for the remainder of the administrative proceeding by moving to stay the rate decrease. See § 310.151(4)(b).
The Pilots counter that, given the history of the controversy and the composition of the Pilotage Rate Review Committee (PRRC) and the Board, a stay is not a realistic possibility in the present case.
The availability of an appropriate and adequate legal remedy does not, however, turn on speculation of this kind. Only in extraordinary and narrowly defined circumstances, moreover, may judicial relief be had without exhausting administrative remedies. Specific facts must be alleged to show that administrative remedies are inadequate or unavailable to cure agency error. See generally Criterion Ins. Co. v. State, Dep’t of Ins., 458 So.2d 22, 26 (Fla. 1st DCA 1984); Communities Fin. Corp. v. Fla. Dep’t of Envtl. Regulation, 416 So.2d 813, 816 (Fla. 1st DCA 1982); Dep’t of Bus. Regulation v. Provende, Inc., 399 So.2d 1038, 1039-40 (Fla. 3d DCA 1981); State ex rel. Dep’t of Gen. Servs. v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977) (“[S]ome agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late.”). The specific facts alleged here are insufficient.
Earlier in this very case, in fact, the PRRC did enter a stay that has so far kept a rate reduction from going into effect. On September 2, 2014, after the PRRC *566 issued its written order on August 27, 2014 denying the Pilots’ motion to disqualify Commissioners Burke and Miguez, the Pilots filed not only their petition for a writ of prohibition, but also motions to stay, both with the PRRC and with this court. After we granted a temporary stay pending disposition of the prior motion to stay filed with the PRRC, the PRRC granted the Pilots’ motion to stay on October 23, 2014. There is no reason to believe that a similar scenario cannot recur, if necessary.